F I L E D
United States Court of Appeals
Tenth Circuit

FEB 16 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BOJIDAR GEORGE BAKALOV,

    Petitioner-Appellant,

v.

STATE OF UTAH,

    Respondent-Appellee.

No. 00-4056
(D. Utah)
(D.Ct. No. 99-CV-570-K)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **BARRETT**, Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    Appellant Bojidar George Bakalov, a state prisoner appearing *pro se*,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals the district court decision summarily dismissing his petition filed pursuant to 28 U.S.C. § 2254 for failure to file an amended petition. We deny Mr. Bakalov's request for a certificate of appealability[1] and dismiss his appeal.

Mr. Bakalov filed a roughly 400-page petition initiating his § 2254 action.[2] The district court reviewed Mr. Bakalov's petition under Rule 4 of the Rules Governing Section 2254 Cases. In so doing, the district court characterized Mr. Bakalov's petition as "a lengthy diatribe of irrelevant and convoluted contentions, charges, hyperbole, and exaggerated rhetoric ... not suitable for consideration," and in a form that will not "allow the court to resolve the issues or to even determine if the court should proceed under 28 USC. § 2254." Accordingly, the district court instructed Mr. Bakalov to file an amended petition by November 30, 1999, in the form required for a petition filed under the Rules Governing Section 2254 Cases and to "set forth the specific and succinct basis of the challenge to [his] state conviction." The district court further instructed Mr. Bakalov that if

_____

[1] Mr. Bakalov did not file an application for a certificate of appealability in the district court, nor did the district court issue one. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing of the notice of appeal as a denial of a certificate.

[2] Although Mr. Bakalov twice used pages from forms labeling his petition as filed under § 2254, he also handwrote in 28 U.S.C. § 2241 as the additional statute under which he sought relief.

the amended petition did not comply with the court's order, the district court would dismiss it. On March 1, 2000, the district court issued an order dismissing Mr. Bakalov's petition, because Mr. Bakalov failed to file an amended petition in compliance with Rule 4.

In support of his appeal, Mr. Bakalov has filed a 107-page appeal brief that suffers from many of the same deficiencies associated with his petition. Nevertheless, the first, eleven-page section of Mr. Bakalov's appeal brief seems to most aptly describe his grounds for appeal. In that section, Mr. Bakalov admits the district court could have difficulty reading his roughly 400-page petition, but asserts exigent circumstances caused his petition to be lengthy and unintelligible. These circumstances include the fact he: 1) constructed his petition in only two days based on his belief the United States Immigration and Naturalization Service might deport him at any time to Bulgaria, and 2) used his bed as a table to assemble, cut and glue his petition together. In addition, Mr. Bakalov attacks the integrity of the Utah state judges who convicted him, raises an allegation that those same judges entered into a Mormon conspiracy with the Utah Governor, United States Senators, the state prosecutor, and a University of Utah professor to convict him, and contests the sufficiency of the DNA evidence supporting his state rape conviction. The remaining 107 pages of his appeal brief consist of

voluminous repetitive and unintelligible statements and allegations concerning his state trial, conviction, confinement, and the individuals prosecuting, adjudicating or otherwise involved in his criminal case. Finally, on page 84 of his brief, Mr. Bakalov claims he timely mailed an "abridged" petition, but claims he does not know what happened to it after mailing it. He attaches his own affidavit in support.

We review *de novo* a district court's summary dismissal of a habeas petition under Rule 4 of the Rules Governing Section 2254 Cases. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990), *cert. denied*, 498 U.S. 1096 (1991). Rule 4 "enables a district judge to order a summary dismissal of a petition '[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court.'" *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (quoting Rule 4 of the Rules Governing Section 2254 Cases). While we liberally construe *pro se* petitions, Mr. Bakalov's petition must comply with the minimal requirements articulated in the federal rules for filing habeas actions. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). Compliance with these rules, which include the form required for filing § 2254 petitions, "promote[s] judicial efficiency in processing pro se litigation [and] ... assist[s] lay prisoners in

understanding the types of claims cognizable under the various statutes."

*Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (per curiam), *cert. denied*, 450 U.S. 984 (1981). Finally, this court will not construct legal arguments or theories for a *pro se* litigant. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In this case, Mr. Bakalov's *pro se* petition is clearly deficient. While Mr. Bakalov's petition carries headings identifying it as a § 2254 petition, it does not contain the information required in a § 2254 petition, such as a description of any habeas petitions Mr. Bakalov previously filed or an explanation on whether he exhausted his state remedies.[3] *See, e.g.*, Rules Governing Section 2254 Cases (Appendix, "Model Form for ... § 2254 [Application]" at ¶¶ 10-11).) In addition, because Mr. Bakalov's petition contains so many unintelligible and conclusory allegations and statements, it is impossible to ascertain the exact errors of fact or law raised for the court's disposition. Thus, it is also difficult to determine whether Mr. Bakalov's petition seeks habeas relief under § 2254 or § 2241, or if it is actually intended to initiate a civil rights action under 42 U.S.C. § 1983 against various state officials. In sum, even though Mr. Bakalov's petition is

---

[3] In preparing his petition, it appears Mr. Bakolav pieced together only a few selected pages from out-dated § 2254 forms, including pages from a 1985 form.

voluminous, it fails to provide the information necessary to inform the district court whether relief is available, or to allow the respondent to file a meaningful and responsive pleading.

In addition, a review of the record shows the district court did not dismiss Mr. Bakalov's habeas action until four months after it ordered him to file an amended petition. While Mr. Bakalov attempts to explain his reasons for filing a lengthy and confusing initial petition, he fails to offer any plausible explanation of why he did not file an amended petition, as ordered by the district court, during this four-month period.[4] Mr. Bakalaov's self-serving and summary contention on appeal that his "abridged" petition was lost in the mail is insufficient in this case, especially in light of the fact he failed to produce a copy of that petition for our or the district court's examination. For these reasons, we conclude the district court properly dismissed the petition, which is without prejudice.[5]

---

[4] It is clear Mr. Bakalov knew summary dismissal would result from his failure to file an amended petition. First, the district court informed Mr. Bakalov of the consequence of not filing an amended petition. Second, in a previous case involving Mr. Bakalov, the district court directed him to file an amended civil rights complaint sufficient to support his claims. *See Bakalov v. Stewart*, 67 F.3d 312, 1995 WL 564517, at *1 (10th Cir. Sept. 20, 1995). When he failed to do so, the district court summarily dismissed his complaint, and we affirmed the dismissal. *See id.*

[5] In dismissing Mr. Bakalov's petition, the district court did not explicitly state whether it dismissed it with or without prejudice. However, the district court expressly stated the petition was in a form that would not "allow the court to resolve the issues or to

As to Mr. Bakalov's conspiracy and other contentions on appeal, his failure to include these contentions in an amended petition precluded the district court from addressing them.  Absent extraordinary circumstances, this court will not consider issues on appeal not first decided in the district court.  *See United States v. Kovach*, 208 F.3d 1215, 1220 (10th Cir. 2000).

In order for this court to grant a certificate of appealability, Mr. Bakalov must make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).  For the reasons stated herein, Mr. Bakalov fails to do so.  Accordingly, we deny Mr. Bakalov a certificate of appealability, deny his request to proceed *in forma pauperis*, deny his pending motions before this court,[6]

---

even determine if the court should proceed under 28 U.S.C. § 2254."  A dismissal of a petition for deficiency of pleading under Rule 4 of the Habeas Corpus Rules Governing § 2254, rather than on the merits, is a dismissal without prejudice and not subject to the gatekeeping restrictions in 28 U.S.C. § 2244.  *See Dellenbach v. Hanks*, 76 F.3d 820, 822-24 (7th Cir.), *cert. denied*, 519 U.S. 894 (1996); *see also Haro-Arteaga v.United States*, 199 F.3d 1195, 1196-97 (10th Cir. 1999) (discussing petitions dismissed on grounds other than the merits, including a petition which fails to comply with habeas corpus rules).

[6]  Specifically, for the reasons articulated in this order and for failure to show good cause, we deny Mr. Bakalov's following motions:  1) "Request for Accepting Additional Affidavit and Materials in This Case," 2) "Request for Hearing and Discussing the Scandalous Misbehavior of the Utah Law Enforcers and System of Justice," 3) "Request for Ruling on the Opening Brief Accepted on July 25, 2000 and Ordering Constitutionally Permitable [Sic] Trial," 4) "Request All Materials Submitted in This Case to be Produced to the Panel Assigned to Dispose of the Case on the Merits," 5) "...Request for Issuing Habeas Corpus Aad Ordering Evidenciary [Sic] Hearing," and 6) "Request for

and **DISMISS** his appeal.

**Entered by the Court:**

                                        **WADE BRORBY**
United States Circuit Judge

---

Considering the Material Submitted with the Preceeding [Sic] Case ... in Adjudication [of] This Case."