F I L E D
United States Court of Appeals
Tenth Circuit

MAR 8 2005

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

BOBBY WAYNE COLLINS,

        Petitioner-Appellant,

v.

RANDALL WORKMAN,

        Respondent-Appellee.

No. 04-6343

(W.D. of Okla.)

(D.C. No. CV-04-766-R)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**   *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges.   **

    Bobby Wayne Collins, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability to challenge the district court's dismissal of his habeas

petition under 28 U.S.C. § 2241.[1] We may only issue a certificate of appealability

---

   * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

   ** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

   [1]The magistrate judge referred to Collins's petition as brought pursuant to
28 U.S.C. § 2254. However, because Collins challenges the execution of his
                                                  (continued...)

if Collins makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Because Collins has failed to make this requisite showing, we deny his request for a certificate of appealability.

Collins is serving a life sentence for a 1975 first degree murder conviction. He does not appeal that conviction or its validity. Instead, Collins asserts he is entitled to a reduction in his sentence under the Truth in Sentencing Act, passed by the Oklahoma legislature in 1997. The Act defined "[l]ife imprisonment" as "imprisonment for a period of not less than eighteen (18) years nor more than sixty (60) years . . . ." Oklahoma Truth in Sentencing Act, 1997 Okla. Sess. Laws, 1 Reg. Sess., 133 § 4(6) (to be codified at Okla. Stat. tit. 21 § 14(6) (1997 Supp)). Collins argues that the Act created a constitutionally protected "Statutory Liberty Interest under the 1st Amendment" entitling him to serve no more than a 60-year sentence.

The district court, however, rejected this argument after determining that the Truth in Sentencing Act never in fact became effective because the Oklahoma legislature repealed it the day before its effective date. The court also ruled that

---

[1](...continued)
sentence rather than the validity of his conviction or sentence, we analyze his claim under 28 U.S.C. § 2241. *See Teague v. Hines*, No. 00–6241, 232 F.3d 902, 2000 WL 1629445, *1 n.1 (10th Cir. 2000) (unpublished opinion). Regardless of whether his petition is considered under § 2241 or § 2254, Collins must be granted a certificate of appealability before we may consider his appeal on the merits. *See Montez v. McKinna*, 208 F.3d 862, 867–69 (10th Cir. 2000).

even if the Act had become effective, it "would not apply retroactively and did not create a liberty interest or any constitutional claim for [Collins]."

Collins now argues on appeal the district court erred in finding the Act did not go into effect. He asserts it is illogical to reason that a law that never went into effect can be repealed. Under Collins's theory, the law both went into effect and was repealed the same day, and during the time it was effective a constitutionally protected liberty interest accrued. We disagree.

The Truth in Sentencing Act was initially scheduled to become effective on July 1, 1998. *See* 1997 Okla. Sess. Laws, 1st Reg. Sess., ch. 133 § 612 (eff. July 1, 1998). However, the law was subsequently amended to take effect on July 1, 1999. *See* 1998 Okla. Sess. Laws, 1st Ex. Sess., ch. 2 § 23 (eff. July 1, 1999). One day before the law was to take effect, the state legislature repealed it, effective on July 1, 1999. *See* 1999 Okla. Sess. Laws, 1st Ex. Sess., ch. 5 § 452 (eff. July 1, 1999).

Based on these facts, we have previously held the Act never went into effect and that it did not create any federal constitutional claims for those seeking habeas relief. *See Teague v. Hines*, No. 00–6241, 232 F.3d 902, 2000 WL 1629445, *1–2 (10th Cir. 2000) (unpublished opinion); *Turner v. Champion*, No. 98–6480, 198 F.3d 259, 1999 WL 1032972, *1 (10th Cir. 1999) (unpublished opinion). We have thoroughly reviewed Collins's application for a certificate of

appealability, his brief, the magistrate judge's report and recommendation, the district court order, and the record on appeal, and find Collins does not allege any circumstances that would warrant departure from the rules announced in these cases. Accordingly, the request for a certificate of appealability is denied and the appeal dismissed.[2]

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2]To the extent Collins bases his petition on Oklahoma state law, such claims are not cognizable on federal habeas review. *See* 28 U.S.C. § 2241(c)(3); *Montez*, 208 F.3d at 865.