FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

June 16, 2016

Elisabeth A. Shumaker
Clerk of Court

MADYUN ABDULHASEEB, a/k/a
Jerry L. Thomas,

      Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Interim
Director, Oklahoma Department of
Corrections,

      Respondent - Appellee.

No. 16-6053

(D.C. No. 5:15-CV-01113-W)

(W.D. Okla.)

---

**ORDER**

---

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

---

Mr. Madyun Abdulhaseeb was convicted on state charges and is serving his sentence in Oklahoma. Challenging the execution of his sentence, Mr. Abdulhaseeb has brought four habeas claims under 28 U.S.C. § 2241:

    1.    improper denial of achievement credits,

    2.    improper denial of credits for blood donations,[1]

---

[1]    *See* note 2, below.

3. improper denial of credits for his incarceration in private prisons, and

4. loss of the state department of corrections' jurisdiction over the sentences based on enactment of the Oklahoma Truth in Sentencing Act.

The federal district court dismissed the first two claims as time-barred, dismissed the third claim as unexhausted (or, in the alternative, as time-barred), and denied relief on the fourth claim.

Mr. Abdulhaseeb seeks leave to proceed in forma pauperis and a certificate of appealability so that he can appeal the dismissal of his habeas petition. Because Mr. Abdulhaseeb has not met the standard for a certificate of appealability, we dismiss the appeal and deny Mr. Abdulhaseeb's request for leave to appeal in forma pauperis.

## I. Denial of a Certificate of Appealability

To appeal, Mr. Abdulhaseeb needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To obtain the certificate, Mr. Abdulhaseeb must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is made only if reasonable jurists could characterize the district court's rulings as debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II. Challenges to the Individual Claims

In part, Mr. Abdulhaseeb argues that the district court improperly rejected each of his claims. These arguments are not reasonably debatable.

2

In his first claim, Mr. Abdulhaseeb contends that ODOC policy OP-060211(II)(E)(5)(C) should retroactively apply to his sentences between 1982 and 2014. The district court rejected this contention, and this part of the ruling is not subject to reasonable debate.

Mr. Abdulhaseeb's argument is based on the state department of corrections' policy OP-060211(II)(E)(5(c), which states: "Effective July 1, 2014, beginning upon reception, all eligible offenders to include those currently incarcerated, will be awarded 15 achievement credits every month of continued good conduct." Doc. 12-5 at 175. Mr. Abdulhaseeb argues that the phrase "beginning upon reception" requires a retroactive award of credits for the 32 years he spent in prison prior to the effective date of the policy. This interpretation is not reasonable. In Oklahoma, courts apply changes in the law "prospectively from their effective date" in the absence of an express statement that the change is to apply retroactively. *State v. Salathiel*, 313 P.3d 263, 266-67 (Okla. Crim. App. 2013). In applying Oklahoma law, no reasonable jurist could interpret the 2014 policy as a directive for prison authorities to add credits for each of Mr. Abdulhaseeb's prior 32 years in prison.

On appeal, Mr. Abdulhaseeb also alleges that the denial of achievement credits (before 2014) constituted a violation of the Ex Post Facto Clause. But this allegation did not appear in the habeas petition. As a result, no reasonable jurist would regard this allegation as a basis for

3

reversal. *See Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000) (declining to consider a claim omitted in the habeas petition).

Mr. Abdulhaseeb also contends that he was entitled to credits for past blood donations.[2] The district court concluded that this claim is time-barred. In our view, this conclusion is not subject to reasonable debate.

A one-year limitations period applies to state prisoners who petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period begins to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The department of corrections stopped awarding credits for blood donations in 1988. ODOC Policy OP-060211, Section II.L.5. That development was not a secret, for Oklahoma requires that inmates receive a monthly accounting of sentence credits. Okla. Stat. tit. 57, § 138. Therefore, Mr. Abdulhaseeb could easily have discovered the "factual predicate" for his claim in 1988 or soon thereafter. In these circumstances, jurists could not reasonably question the district court's application of the time bar to deny relief to Mr. Abdulhaseeb on his claim involving credit for donations of blood.

---

[2] Mr. Abdulhaseeb included this allegation as part of his first claim. For clarity, we refer to this claim as the second claim.

4

On appeal, Mr. Abdulhaseeb contends that the factual predicate did not become discoverable until the decision on his administrative appeal. In some circumstances, we have held that the factual predicate of a claim does not become discoverable until the petitioner's administrative appeal becomes final. *Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006). But this is true only when the petitioner "timely and diligently exhausts his administrative remedies." *Id.* at 1268. In our view, no reasonable jurist could regard Mr. Abdulhaseeb as diligent in bringing the administrative action: He did not initiate the administrative action until he had received monthly reports for over 20 years that showed no credits for blood donations.

According to Mr. Abdulhaseeb, "[h]e is not responsible for the execution of his own sentences." Appellant's Opening Br. at 12. While this may be true, federal law starts the one-year period of limitations as soon as Mr. Abdulhaseeb reasonably could have discovered the absence of credits. 28 U.S.C. § 2244(d)(1)(D). He does not suggest any reason to question his ability to timely learn of the termination of blood-donation credits in 1988 or soon thereafter. As a result, jurists could not reasonably debate the district court's conclusion that this claim is time-barred.

In his third claim, Mr. Abdulhaseeb contends that he was improperly denied sentence credits for the time he spent in private prisons. Mr. Abdulhaseeb filed a grievance on November 14, 2014, asserting that he

5

was entitled to credits for his time served in private prisons beginning in 1999.

Mr. Abdulhaseeb would have known the "factual predicate" of his claim in 1999 after receiving his monthly accounting of sentence credits. Thus, he had to file a habeas claim on this issue by 2000. Instead, he waited until 2014 to file his grievance and 2015 to file the habeas claim. Accordingly, the district court's ruling on this claim is not reasonably debatable.

In his fourth claim, Mr. Abdulhaseeb contends that the state department of corrections "lost jurisdiction" over his sentences when the Oklahoma legislature passed the Oklahoma Truth in Sentencing Act. But because the state statute was repealed one day before it was to go into effect, the statute "did not create any federal constitutional claims for those seeking habeas relief." *Collins v. Workman*, 125 F. App'x 246, 248 (10th Cir. 2005).[3] Thus, the district court's ruling on this claim is not reasonably debatable.

## III.  Challenges to the District Court's "Hybrid Disposition"

The magistrate judge recommended dismissal of some of Mr. Abdulhaseeb's claims based on nonexhaustion or timeliness. On other

---

[3]  Mr. Abdulhaseeb argues: "While the Truth in Sentencing Act may have been repealed one day before it became effective, it actually, in fact, de facto, became the common law practice in 1997." Appellant's Opening Br. at 22. Mr. Abdulhaseeb fails to provide any explanation or authority for this proposition.

6

claims, the magistrate judge recommended denial on the merits. On appeal, Mr. Abdulhaseeb argues that the district court erred by making a "hybrid" disposition in two ways: (1) denying relief on some claims and dismissing other claims and (2) finding some claims unexhausted and denying relief on other claims.

Mr. Abdulhaseeb waived both appeal points in district court. To preserve these appeal points, Mr. Abdulhaseeb would ordinarily need to include the same arguments in objecting to the magistrate judge's report and recommendation. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). In narrow circumstances, we sometimes excuse the waiver in the interests of justice. *In re Key Energy Resources*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

Though the magistrate judge recommended dismissal on some claims and denial of others, Mr. Abdulhaseeb did not object on the ground that the recommended ruling would constitute a hybrid disposition. In addition, the record does not reflect any cogent basis to excuse this omission. In his report and recommendation, the magistrate judge warned Mr. Abdulhaseeb:

> The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States of America*, 850 F.2d 656 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

7

Doc. 18 at 12. Heeding this objection, Mr. Abdulhaseeb filed a thorough objection to the magistrate judge's report and recommendation. In this objection, however, Mr. Abdulhaseeb did not address the hybrid nature of the recommended rulings. In these circumstances, any reasonable jurist would regard these challenges as waived.

* * *

In these circumstances, we deny a certificate of appealability and dismiss the appeal.

## IV.    Leave to Appeal In Forma Pauperis

Mr. Abdulhaseeb requests leave to appeal in forma pauperis. Because Mr. Abdulhaseeb has not presented a reasoned, non-frivolous argument, we deny his request. *See Rolland v. PrimeSource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

## V.    Disposition

We deny the request for a certificate of appealability, dismiss the appeal, and deny the request for leave to appeal in forma pauperis.

Entered for the Court

Robert E. Bacharach
Circuit Judge