**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH MACASTLE JACKSON,

Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden, North
Fork Correctional Center,

Respondent - Appellee.

No. 17-6137
(D.C. No. 5:17-CV-00183-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **MATHESON**, **KELLY**, and **MURPHY**, and Circuit Judges.

Joseph M. Jackson, an Oklahoma state prisoner proceeding *pro se*, seeks to appeal the district court's denial of his 28 U.S.C. § 2241 petition. The matter is before this court on his request for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding § 2253(c)(1)(A) applies when a state habeas petitioner is proceeding under § 2241). Because Jackson has

not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and dismisses this appeal. 28 U.S.C. § 2253(c)(2).

In his § 2241 petition, Jackson asserts an entitlement to immediate release from imprisonment. As thoroughly explained by the Magistrate Judge in her Report and Recommendation, which report and recommendation was adopted by the district court, 28 U.S.C. § 636(b)(1)(B), Jackson's asserted entitlement to immediate release is based on a misreading of Oklahoma law. In particular, the provision of Oklahoma law defining "life imprisonment" as "a period of not less than eighteen (18) years nor more than sixty (60) years" was repealed *before it ever took effect*. Thus, at all relevant points in time, a life sentence in Oklahoma meant a term of imprisonment for the remainder of the convicted individual's natural life.

A COA may issue if Jackson "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or . . . the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). In evaluating a request for a COA, it is not the role of this court to engage in a "full consideration of the factual or legal bases adduced in support of the claims." *Id.* Instead, this court undertakes "a preliminary, though not definitive, consideration

of the [legal] framework" applicable to each claim. *Id.* at 338.  Jackson is not required to demonstrate his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.* (quotations omitted).

The district court's resolution of this case is indisputedly correct.  The entire basis for Jackson's § 2241 habeas petition is a provision of law that never went into effect in Oklahoma.  Thus, Jackson's sentence of life imprisonment expires only upon the end of his natural life and any potential grant of parole is entirely within the discretion of the Oklahoma Pardon and Parole Board.  *See Boutwell v. Keating*, 399 F.3d 1203, 1213-15 (10th Cir. 2005) (holding that because Oklahoma's parole system is entirely discretionary, Oklahoma has not created a liberty interest in parole protectable by the Due Process Clause).  Because Jackson's petition is wholly meritless, this court **denies** his request for appointment of appellate counsel.  Furthermore, because Jackson has failed to advance a "reasoned, nonfrivolous argument on the law and facts," *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008), this court also **denies** his request to proceed on appeal *in forma pauperis*.  Jackson is, therefore, ordered to immediately remit any unpaid portion of the appellate filing fee in this appeal.

This court **DENIES** Jackson's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge