FILED
United States Court of Appeals
Tenth Circuit

July 24, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ALVIN PARKER,

      Petitioner - Appellant,

v.

SCOTT CROW, Director, Oklahoma
Department of Corrections,

      Respondent - Appellee.

No. 20-5057
(D.C. No. 4:20-CV-00125-GKF-JFJ)
(N.D. Okla.)

_____

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Alvin Parker, a state inmate proceeding pro se,[1] seeks a Certificate of

Appealability (COA) to appeal the district court's summary dismissal of his 28 U.S.C.

§ 2241 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal "the final

order in a habeas corpus proceeding in which the detention complained of arises out of

process issued by a State court"). The district court dismissed Parker's petition with

prejudice, concluding that it was barred as untimely and as an abuse of the writ (it raised

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Parker proceeds pro se, we "liberally construe" his filings but "do not act as his advocate." *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

the same Fourteenth Amendment claim as Parker's prior § 2241 petition that the court had denied on the merits). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(c), we deny Parker's application for a COA, his motion to proceed *in forma pauperis*, his motion for oral argument and appointment of counsel, and his motion to certify a question of state law to the Oklahoma Court of Criminal Appeals. We dismiss this appeal.

## BACKGROUND

In 1990, Parker was convicted of committing second-degree murder after a former conviction of a felony and sentenced to 199 years' imprisonment, which he is currently serving in an Oklahoma correctional center. *E.g.*, *Parker v. Allbaugh*, No. 18-CV-0232-JED-FHM, 2018 WL 5260028, at *1 (N.D. Okla. Oct. 22, 2018).

In March 2020, Parker filed the underlying § 2241 petition challenging the Oklahoma Department of Corrections' decision to "not deduct petitioner's earned credits from his sentence under the 1997 definition of life"—doing so would have resulted in his release. R. at 5. He explained that, in 1997, the Oklahoma legislature passed the Truth in Sentencing Act, which defined a life sentence "as not less than 18 years nor more than 60 years." R. at 11. Parker argued the Act created a vested right that, according to his read of *Resolution Trust Corp. v. Wright*, 868 F. Supp. 301 (W.D. Okla. 1993), could not be repealed—though the legislature repealed the Act before it took effect. Parker maintains that as of October 2014 he had served the equivalent "of the maximum 60 year term, and is entitled to be released from confinement." R. at 11. Though both the district court and our court had already denied him relief on this argument, he asserts those judgments

2

conflict with *Resolution Trust* and *Bradshaw v. Richey*, 546 U.S. 74 (2005), so "his continued incarceration violates the Fourteenth Amendment." R. at 11–12. Parker also filed a supporting brief, noting that his "successive § 2241 petition" asked the district court "to reexamine the prior decision because it was in 'plain error.'" R. at 46.

The district court concluded that, even allowing Parker the benefit of statutory tolling under 28 U.S.C. § 2244(d)(2), his one-year limitation period expired on April 10, 2019, barring his March 26, 2020 petition as untimely. *Parker v. Crow*, No. 20-CV-0125-GKF-JFJ, 2020 WL 2529485, at *2 (N.D. Okla. May 18, 2020). The court concluded that Parker could not assert "that extraordinary circumstances prevented him from filing a timely petition," because of his diligence in filing the first § 2241 petition. *Id.* at *3. So, because Parker also did not assert actual innocence, the court did not give him a chance to demonstrate his entitlement to equitable tolling. *Id.* Additionally, the court highlighted Parker's concession that the petition was successive, noting "he previously filed a § 2241 petition asserting the same Fourteenth Amendment claim he presents in the instant § 2241 petition." *Id.* The court had denied this first § 2241 petition on its merits and had also denied his ensuing Fed. R. Civ. P. 59(e) motion asserting that the denial was "a clear error of law" for not following *Resolution Trust*. *Id.* at *4 (internal quotation marks and citation omitted). And we subsequently denied Parker a COA on the petition. *Id.* So the court concluded that "once again reaching the merits of petitioner's 14th Amendment claim" would not serve the ends of justice, meaning the successive petition abused the writ. *Id.* (relying on *Sanders v. United States*, 373 U.S. 1, 12 (1963), which permits a court to dismiss a successive petition if reaching the merits would not serve the ends of

justice). Invoking Rule 4 of the Rules Governing Section 2254 Cases, the court summarily dismissed the petition with prejudice and warned Parker that further filings invoking the "never-effective 1997 definition of a life sentence" would result in filing restrictions. *Id.* at \*2, \*5 (citing *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (noting that district courts have discretion to apply Rule 4 to § 2241 petitions)). That same day, May 18, 2020, the court entered judgment.

Parker then filed a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. On June 2, 2020, the court denied the motion. Parker timely appealed from only the May 18, 2020 judgment.

## DISCUSSION

As a state prisoner seeking appellate review of the dismissal of his § 2241 petition,[2] Parker must first obtain a COA. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To obtain a COA, Parker must "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c)(2). We review de novo a district court's Rule 4 summary dismissal of a habeas petition. *Bakalov v. Utah*, 4 F. App'x 654, 656 (10th Cir. 2001) (unpublished) (citing *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990)).

---

[2] We note that, because Parker challenges the execution of his sentence, rather than its validity, he properly proceeds under § 2241. *E.g.*, *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).

Here, reasonable jurists could not debate whether Parker's petition alleges a denial of a constitutional right, so we do not address the district court's procedural rulings. *See Slack*, 529 U.S. at 485; *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (we may deny a COA on any ground supported by the record). In examining the petition, "we will not delve into the merits of the claim, but instead will determine only whether the petitioner has 'facially alleged the denial of a constitutional right.'" *Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007) (quoting *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000)). We have repeatedly explained that the definition of life imprisonment Parker cites never became law, because the Oklahoma legislature repealed the Act before its effective date. *E.g.*, *Jackson v. McCollum*, 708 F. App'x 965, 965–66 (10th Cir. 2018) (unpublished); *Collins v. Workman*, 125 F. App'x 246, 248 (10th Cir. 2005) (unpublished) (citing *Teague v. Hines*, 232 F.3d 902, 2000 WL 1629445, at *1–2 (10th Cir. 2000) (unpublished table opinion)). So we have held that the Act "did not create any federal constitutional claims for those seeking habeas relief." *Collins*, 125 F. App'x at 248 (citing *Teague*, 2000 WL 1629445, at *1–2; *Turner v. Champion*, 198 F.3d 259, 1999 WL 1032972, at *1 (10th Cir. 1999) (unpublished table opinion)).

Parker presents no reason to stray from the rules those cases announced. He recognizes that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw*, 546 U.S. at 76 (citations omitted). But Parker does not provide any state-court interpretation of state law showing that our cases precluding his claim are erroneous. He relies on *Resolution Trust*, which is a federal district court case, not "a state court's

interpretation of state law," and does not touch on the situation we have here.[3] Accordingly, we conclude that jurists of reason could not debate whether Parker's petition demonstrates the denial of a constitutional right.

Parker's petition is wholly meritless, so we deny his request for appointment of counsel. He also fails to advance a "reasoned, nonfrivolous argument on the law and facts," so we deny his request to proceed *in forma pauperis*. *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted). We order Parker to immediately remit any unpaid portion of the appellate filing fee in this appeal. Finally, we decline to certify a question of state law to the Oklahoma Court of Criminal Appeals.

## CONCLUSION

We thus deny Parker a COA and dismiss this appeal. We also deny his motion to proceed *in forma pauperis*, his motion for oral argument and appointment of counsel, and his motion for certification of a question of state law.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] *Resolution Trust* did not examine the statute at bar, nor did it deal with a statute that had been repealed before it took effect. *See* 868 F. Supp. at 303–04.

6